[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before the court on an application for order of interim suspension pursuant to Practice Book § 28C.
The inquiry of the court is to determine whether the respondent, Robert J. Recio, poses a substantial threat of irreparable harm to his clients or to prospective clients.
The court finds, by clear and convincing evidence, that Mr. Recio has become incapable of managing the pressures of a general practice of the law due to the volume and intensity of a full practice, together with the emotional distractions of a failed marriage, thereby posing a substantial threat to his present clients as to any new matters for which he has not been already engaged and to any prospective clients.
To Mr. Recio's credit, he has closed his general law practice to new clients, and is employed as house counsel and financial director of a small local manufacturing corporation. This employment generates sufficient income to provide for the economic needs of Mr. Recio.
The court is of the opinion that if his corporate employer chooses to continue to utilize Mr. Recio as its house counsel, that Mr. Recio may do so, provided that his employer advises the court, in writing, that it is fully aware that Mr. Recio has been suspended on an interim basis from representing clients, other than the corporation, as to matters for which he has not already been engaged. CT Page 910
Based on the foregoing, the application for order of interim suspension of Robert J. Recio from the practice of law is granted until further order of the court, with the exception of his representation of his present clients whose matters are presently pending, and limited only to their pending matters, and excepting his corporate employment, if his corporate employer acknowledges its knowledge of this suspension, including Mr. Recio's acting as attorney for the corporation for matters arising in the future.
Mr. Recio is ordered to furnish to the court a list of those clients, other than his corporate employer, whose matters are still pending, and a brief description of the status of each pending matter, including the date that Mr. Recio was engaged, and the estimated date of completion of the matter, and an indication as to the fee agreement for each matter, with an accounting to date as to fees charged and paid or owed to him.
Since no new matters may be accepted by Mr. Recio, other than those related to his position as house counsel for his corporate employer, Attorney Steven R. Smart of Danbury will be appointed at this time, pursuant to § 46B of the Practice Book, to monitor the files of those clients, other than his corporate employer, whose matters are still pending, to assure that those files are being brought to a conclusion in an expeditious and competent manner.
Stodolink, J.